UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 25 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-40089 |
| | \* | |
| Plaintiff and Appellee, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| RONALD F. RAFALSKI, | \* | |
| | \* | |
| Defendant and Appellant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This is an appeal from a Magistrate Judge's Judgment of Conviction for operating a vehicle under the influence of an alcoholic beverage, in violation of 38 U.S.C. § 901 and 38 C.F.R. § 1.218(b)(15) in a Central Violations Bureau case. Doc. 1, and 8. For the reasons discussed below, and after this Court has reviewed the record, the audio tape of the court trial, and the applicable law, the judgment of conviction is affirmed.

On March 25, 2005, while on routine vehicle patrol, Officer Richard Seeley, observed Defendant and Appellant, Ronald F. Rafalski, drive his vehicle and park on Lot 6 of the grounds over which the Veterans Administration has jurisdiction. Rafalski exited the vehicle on crutches and became stuck behind a snow drift. Officer Seeley requested assistance from another V.A. police officer and a V.A. nurse to place Rafalski in a wheelchair and transport him to urgent care. Rafalski was then seen and treated by a nurse and physician before being transported to a Sioux Falls Detox Center.

Officer Seeley knew and had previous dealings with Rafalski. In fact, on February 24, 2005, Officer Seeley had given Rafalski a verbal warning for driving while intoxicated after Rafalski had driven to and parked in the same lot before being treated at the V.A. Hospital.[1] On March 25, 2005,

---

[1] Officer Seeley testified that the V.A. police officers are part of the medical team and routinely seek voluntary compliance before issuing citations. Officer Seeley testified that he has only issued two citations in the past nine years for operating a vehicle under the influence of an alcoholic beverage.

Officer Seeley observed that Rafalski had a very strong smell of alcohol, had very slurred speech, and was verbally abusive to the personnel that was attempting to provide him treatment. Officer Seeley testified that Rafalski was normally soft spoken, normally behaved in a gentlemanly manner, and had gotten along well with Officer Seeley in the past. Officer Seeley also observed empty bottles of Mike's Hard Lemonade outside Rafalski's vehicle and observed in plain view a bottle of Everclear with some liquor remaining in the bottle in Rafalski's vehicle. A friend who had accompanied Rafalski in the car left the premises when Rafalski was at the base of the hill behind the snow drift.²

Rule 58(g)(2)(D) of the Federal Rules of Criminal Procedure provides that the scope of this appeal is the same as in an appeal from an appeal to the court of appeals from a judgment entered by a district judge. In a review for sufficiency of the evidence to support a conviction, if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, the conviction must be upheld. *See United States v. Barth*, ___ F.3d ___, 2005 WL 2218036 (8th Cir.); *Miller v. Lock*, 108 F.3d 868, 870 (8th Cir. 1997). Rafalski raises several sufficiency of the evidence claims, including claims that there was insufficient evidence of his intoxication because of the lack of a sobriety test or breathalyzer test. Rafalski also challenges Officer Seeley's testimony that he saw Rafalski drive into Parking Lot Number 6. After reviewing all of the evidence in this case, this Court concludes that a rational trier of fact could have found the essential elements of the offense of operating a vehicle under the influence of an alcoholic beverage, in violation of 38 U.S.C. § 901 and 38 C.F.R. § 1.218(b)(15), beyond a reasonable doubt.

Rafalski for the first time now contends that his rights were violated because Officer Seeley never gave him his Miranda rights. Officer Seeley testified at the court trial that Rafalski admitted he was intoxicated before Officer Seeley issued the citation. At the court trial, Rafalski, who did not take the stand, stated that he was not denying that he had been driving the vehicle. Since Rafalski was not represented by counsel and had not received *Miranda* warnings, however, Magistrate Judge Simko did not consider either of these incriminating statements. Likewise, this Court is not

---

² Rafalski initially requested at the Court trial that he be granted a continuance to call his friend as a witness. Judge Simko offered to continue the trial for over three hours to give Rafalski an opportunity to locate his friend. Rafalski then withdrew the request for the continuance.

considering this evidence. If Rafalski was entitled to be read the *Miranda* warnings, any failure to do so caused Rafalski no harm. Rafalski's conviction will not be overturned on this basis.

Rafalski also contends that Officer Seeley violated his rights by entering his vehicle without his permission. Rafalski misstates the evidence. Officer Seeley testified that he observed in plain view through the window of Rafalski's vehicle a bottle of Everclear with some liquor remaining in the bottle in Rafalski's vehicle. Officer Seeley also testified that he never entered the vehicle and never seized the bottle of Everclear. No evidence was presented to refute this testimony. Pursuant to the plain-view doctrine, a law enforcement officer may seize an object without a search warrant if the officer did no violate the fourth amendment in reaching the place from which the object could be plainly viewed, the object's incriminating character is immediately apparent, and the officer has a lawful right of access to the object itself. *United States v. Chipps*, 410 F.3d 438 (8th Cir. 2005). Had Officer Seeley actually seized the bottle of Everclear, which he did not do, he would have been justified under the plain-view doctrine. Accordingly,

IT IS ORDERED:

(1) that the Motion for Leave to Appeal in Forma Pauperis (Doc. 2) is granted; and

(2) that the Judgment of Conviction (Doc. 8) is affirmed.

Dated this 25 day of October, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(seal)       DEPUTY